JANUARY TERM, 1882, No. 162.          FEBRUARY 22D, 1882.

## Dean *et al. versus* Hoban *et al.*

Entering into a recognizance under the Act of June 8th, 1881, P. L., 80, where the recognizance is acknowledged before an alderman, is not a sufficient compliance with the act.

Before SHARSWOOD, C. J.; GORDON, PAXSON, STERRETT, and GREEN, JJ. MERCUR and TRUNKEY, JJ., absent.

Error to the Court of Common Pleas of *Wayne County.*

*Scire facias sur* judgment entered by Bridget A. Hoban against Peter Walsh, administrator of the estate of James Hoban, deceased, *et al.*

Upon the trial in the Court below, numerous exceptions were taken to the rulings of the Court by the defendants.

May 11th, 1881, verdict for the plaintiffs for $4027.50, upon which judgment was entered.

The defendants then took out a writ of error.

The recognizance entered into, under the provisions of the Act of June 8th, 1881, P. L., 80, was acknowledged before an alderman.

*C. Smith*, for plaintiffs in error.

*G. G. Waller*, for defendants in error.

MARCH 6TH, 1882.—PER CURIAM: The Act of June 8th, 1881, Pamph. L., 80, expressly provides that no appeal or writ of error shall be issued unless the party shall have first entered into a recognizance, with sufficient sureties in double the amount of costs accrued, conditioned upon affirmance for the payment of all costs, and for the return to the Court below of the record with the remittitur. Such a recognizance was entered into in this case, but acknowledged before an alderman. We cannot recognize this as a sufficient compliance with the act, and must therefore quash the writ.

As, however, the case has been fully argued, we will say that, after full consideration, we find no error in the record of which the plaintiffs in error have any right to complain.

Writ of error quashed.